107 F.3d 30
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DANA INNOVATIONS, d/b/a Sonance, Plaintiff-Appellant,
v.
SPEAKERCRAFT, INC. and Edward Haase, Defendants-Appellees.
 No. 95-1472.
 United States Court of Appeals, Federal Circuit.
 Dec. 2, 1996.
 
 Before MAYER, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Dana Innovations, d/b/a Sonance ("Dana"), appeals from the July 6, 1995 judgment of the United States District Court for the Central District of California in Dana Innovations, d/b/a Sonance, v. Speakercraft, Inc. and Edward Haase, 94-CV-836. The district court held claims 16-20 of U.S. Patent No. 5,292,092 (the '092 patent) and all seven claims of U.S. Patent No. 5,299,766 (the '766 patent) invalid under 35 U.S.C. § 102(b).
 
 
 2
 Dana is the owner of the '092 and '766 patents. The patents relate to retrofitting a wall to mount speakers. Dana sued Speakercraft, Inc. and Edward Haase (collectively, "Speakercraft") for infringement of claims 16-20 of the '092 patent and of the seven claims of the '766 patent. Speakercraft countered by moving for summary judgment of invalidity, which the district court granted. The district court held that the asserted claims were invalid on the ground that they were anticipated by an in-wall speaker product offered for sale by Boston Acoustics, Inc. (the "Boston No. 2 device") more than one year prior to the application date for each of the patents. Because we conclude that the "elongate bar" limitation of each of the asserted claims is not found in the Boston No. 2 device, we reverse and remand.
 
 DISCUSSION
 I.
 
 3
 Under the inventions of the '092 and '766 patents, at least one "elongate bar" is placed behind the wall to be retrofitted. The bar is fastened by screws through the wall to a support surface, which has a speaker attached to it. The speaker is wedged between the bar and the support surface in a hole formed in the wall. This serves to create an unobtrusive appearance, with the support surface (which covers the speaker) flush against the wall. The asserted claims of the '092 patent describe a method for installing wall speakers. Claim 16 is an independent claim; claims 17-20 dependent from it. The seven claims of the '766 patent are directed to a retrofit bracket apparatus. Claim 1 is an independent claim; claims 2-7 depend from it. Claim 16 of the '092 patent reads as follows:
 
 
 4
 A method for attaching speakers to a wall, the method comprising the steps of:
 
 
 5
 1 attaching at least one speaker to a support surface;
 
 
 6
 1 attaching at least one elongate bar to the support surface such that the bar extends across two opposite sides thereof;
 
 
 7
 1 forming an opening in a wall covering;
 
 
 8
 1 inserting the bar through the hole;
 
 
 9
 1 adjusting the distance between the bar and the support surface such that the wall covering is captured intermediate the bar and the support surface.
 
 
 10
 Claim 1 of the '766 patent reads as follows:
 
 
 11
 A retrofit bracket for wall mount speakers comprising:
 
 
 12
 1 a support surface configured for mounting at least one speaker thereto;
 
 
 13
 1 a least [sic] one elongate bar attached to said support surface and abutting a wall covering such that the wall covering is clampably capturable intermediate said support surface and said bar; and
 
 
 14
 1 adjustment means for varying the distance between said support surface and said bar;
 
 
 15
 1 wherein said adjustment means facilitates the accommodation of various wall covering thicknesses.
 
 
 16
 Summary judgment is appropriate if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The district court determined that no material facts were in dispute and, as noted above, held that the Boston No. 2 device anticipated claim 16 of the '092 patent, claim 1 of the '766 patent, and all of the dependent claims. In so holding, the court found that the "elongate bar" limitation of the claims was found in the Boston No. 2 device.
 
 II.
 
 17
 We review a district court's grant of summary judgment de novo. Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994). "Anticipation under 35 U.S.C. § 102 requires the presence in a single prior art disclosure of each and every element of a claimed invention." Lewmar Marine, Inc. v. Barient, Inc., 827 F.2d 744, 747, 3 USPQ2d 1766, 1767 (Fed.Cir.1987). Anticipation must be proved by clear and convincing evidence. Verdegaal Bros., Inc. v. Union Oil Co., 814 F.2d 628, 632, 2 USPQ2d 1051, 1053 (Fed.Cir.), cert denied, 484 U.S. 827 (1987). Whether a reference is anticipatory is a question of fact. Shatterproof Glass Corp. v. Libbey-Owens Ford Co., 758 F.2d 613, 225 USPQ 634 (Fed.Cir.), cert dismissed, 474 U.S. 976 (1985).
 
 
 18
 "Although a patentee can be his own lexicographer, the words of a claim will be given their ordinary meaning to one of skill in the art unless the inventor appeared to use them differently." Quantum Corp. v. Rodime, PLC, 65 F.3d 1577, 1580, 36 USPQ2d 1162, 1165 (Fed.Cir.1995). As seen above, claim 16 of the '092 patent and claim 1 of the '766 patent both refer to "at least one elongate bar." According to Webster's Third New International Dictionary, the word "elongate" refers to a structure "having a form notably long in comparison to its width," while the word "bar" is defined as "a straight piece of wood or metal that is longer than it is wide, is used to fasten ..., and that can be unlatched or unfastened." Webster's Third New International Dictionary, 737, 174 (1986). See, e.g., Hoganas AB v. Dresser Indus., Inc., 9 F.3d 948, 951 n. 8, 28 USPQ2d 1936, 1938 n. 8 (Fed.Cir.1993) (using the dictionary to define the word "straw").
 
 
 19
 Turning to the specifications, figures 1 and 3 of the '092 patent and of the '766 patent are identical. They both show single detached rods as elongate bars. Under the heading "SUMMARY OF THE INVENTION" the specifications of both patents state that the claimed invention "has a pair of elongate clamping bars extending across to opposite sides of the support surface and adjustably attached thereto such that a wall covering is clampably capturable intermediate the support surface ..." Further on, under the heading "DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT," both specifications recite that "the retrofit bracket of the present invention generally comprises ... a plurality, preferably two, of generally parallel elongate clamping bars ... disposed on the inside of the wall covering ..." Based upon the dictionary definitions of the words "elongate" and "bar" and based upon the claims and the specifications of the patents, we conclude that the "at least one elongate bar" limitation of claim 16 of the '092 patent and of claim 1 of the '766 patent calls for the bar to be a discrete structural element, not simply an integrated component of a larger structure not having any of the characteristics of a "bar."
 
 
 20
 We hold that, as properly construed, the claims at issue are not anticipated by the Boston No. 2 device. The structure of the Boston No. 2 device is not in dispute. The Boston No. 2 speaker bracket consists of a continuous, integrated box, or frame, which is attached to the wall and which has the speaker fastened to it. The frame has four sides, each of which is integral with its neighbor, so that no one side is discrete, or separate. The district court found that the "elongate bar" limitation of the claims at issue was found in the Boston No. 2 device because the court viewed the sides of the frame in the Boston No. 2 bracket as elongate bars. The district court thus concluded, as a matter of claim construction, that the "elongate bar" of the claims could be found in an integrated portion of a larger structure not having any of the characteristics of a "bar." That conclusion, however, is contrary to the correct construction of the claims set forth above. Under that correct construction, a side of the continuous frame of the Boston No. 2 device cannot be an "elongate bar." Thus, there is not clear and convincing evidence that the Boston No. 2 device has "at least one elongate bar," as required by claim 16 of the '092 patent and claim 1 of the '766 patent. Accordingly, since each limitation of the asserted claims of the '092 patent and the '766 patent is not found in the Boston No. 2 device, that device does not anticipate those claims. The district court's judgment of invalidity must be reversed. The case is remanded for further proceedings consistent with this opinion.
 
 
 21
 Each party shall bear its own costs.